UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Louis E. Gulley (B-18477), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 08209 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| Dr. Jonathan Kelly, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Louis Gulley, an Illinois prisoner who is incarcerated at the Stateville Correctional Center, brought this *pro se* civil rights action, 42 U.S.C. § 1983, based on gynecomastia (enlarged male breast tissue and related symptoms) that he attributes to Risperdal (a prescription psychiatric medication). According to Gulley, he was not warned of the potential for this side effect.

Gulley signed his initial complaint on November 2, 2017. The Court allowed Gulley to proceed with a failure-to-warn claim against Dr. Jonathan Kelly, who had prescribed Risperdal to Gulley, based on Gulley's assertion that he had experienced significant chest pain due to an enlarged right breast and had received no warnings about this potential side effect. But the Court noted that Gulley's belief that he had developed gynecomastia due to Risperdal therapy did not appear to be supported by the medical records he had attached to his complaint and warned him about his obligations under Federal Rule of Civil Procedure 11. R. 8. The Court also dismissed a policy claim against Wexford, as well as claims against psychiatric administrator Mirsky, physician's assistant Williams, IDOC Acting Director Baldwin, Administrative Review Board member Sarah Johnson, Warden Randy Pfister, grievance officer Mansfield, the Illinois Department of Corrections, and the Stateville Correctional Center, for failure to state a claim. *Id.* Finally, the Court denied Gulley's request for attorney representation without prejudice. *Id.*

On March 26, 2018, the Court denied Dr. Kelly's motion to dismiss, explaining that at the pleading stage, the Court could not simply credit the medical records over Gulley's description of the (alleged) physical manifestations of gynecomastia and other purported side effects. R. 22. During a status hearing on April 12, 2018, in which Gulley participated by phone, the Court urged Gulley to carefully consider the factual assertions on which he was relying, and warned him that he was personally

responsible for those assertions even if another inmate had helped him prepare his filings. R. 26. The Court also authorized Dr. Kelly's attorneys to subpoena Gulley's IDOC and medical records.

On May 30, 2018, the Court received a motion from Gulley seeking leave to file an amended complaint "for the purpose of clearing up … discrepancies" noted by the Court and expanding his allegations against Wexford in an effort to revive his claim as to Wexford. R. 33. He also submitted a proposed amended complaint and a supporting affidavit that abandoned his claim that he had experienced symptoms of gynecomastia. R. 35. Instead, Gulley asserted only that if he had been warned "of the substantial risk of gynecomastia," then he would have refused the drug therapies, including Risperdal. The proposed amended complaint appeared to also assert that Gulley believed that he would develop gynecomastia in the *future*, and that he "continue[d] to suffer mental injury and anguish, needing to be tested for gynecomastia." *Id*. ¶¶ 26-27, 31. When setting a briefing schedule on the motion to amend the complaint, Gulley again appeared by telephone. Gulley asserted that the now-withdrawn allegations in the original complaint were excused by his *pro se* status and asked the Court to recruit counsel to represent him. The Court denied Gulley's oral motion for counsel (although without prejudice), and again reminded Gulley that, at the very least, he was expected to accurately allege facts that are within his personal knowledge.

On October 29, 2018, the Court denied Gulley's motion to amend because the proposed amended complaint did not adequately state a federal claim because it rested on Gulley's alleged fear that he would develop gynecomastia in the future. R. 43. The Court held that, "[i]n light of the concession that the original complaint inaccurately alleged that [Gulley] had already experienced symptoms of gynecomastia, there is no viable claim (unless and until reasons arise that there is a serious risk of developing the condition) and the case is dismissed with prejudice."

With this background in mind, the Court turns to Gulley's motion to vacate the judgment. R. 45. The motion to vacate was notarized on January 3, 2019, around two months after October 29, 2018, when the Court dismissed the case, R. 43, and entered judgment, R. 44. Gulley asserts that he received the dismissal order on December 6, 2018, and had to wait to receive copies of medical records relating to care in 2018 to support his motion to vacate. Gulley says that he saw Dr. Aguinaldo on June 12, 2018, due to "chest pain" and that Dr. Aguinaldo opined that his chest was "uneven" and referred him to Stateville's medical director. *Id*. ¶ 6. Gulley provides the corresponding medical records, which are difficult to read but appear to reflect that Dr. Aguinaldo believed that one side of Gulley's chest was larger than the other side. *Id*. at 4. On June 29, 2018, Gulley alleges that he saw Dr. Okezie, who diagnosed him with gynecomastia and referred him to a psychiatrist to evaluate whether continued Risperdal therapy was appropriate. *Id*. ¶ 7. Gulley again provided the corresponding

2

medical records which state "BiLat gynecomastia," note that Risperdal can cause gynecomastia, and memorialize a referral for a psychiatric evaluation. *Id.* at 6. (Confusingly, the proposed amended complaint and attached medical records seem to say that Nurse Practitioner Nathan discontinued Gulley's Risperdal prescription well before then, on March 18, 2017, R. 35 ¶ 22. Gulley also appears to have represented in grievances that he began to refuse Risperdal in April 2017, after he became aware that it could cause gynecomastia. R. 35 at 18-19.)

The Court has re-reviewed the medical records that Gulley has provided to date. The records contain an undated mental health treatment plan, R. 35 at 28, which immediately follows a record dated April 27, 2016, which states, "(Told I/M about potential for gynecomastia on Risperdal, potential for T.O. [illegible] movements)," *id.* at 27.

Rule 60(b) allows relief from a judgment based on, among other things, newly discovered evidence. *See* Fed. R. Civ. 60(b). Rule 60(b) is not a means to "present assertions 'that with due diligence could have been introduced before judgment on the motion from which the party is seeking relief.'" *Newell v. Velacruz*, 695 F. App'x 973, 974 (7th Cir. 2017) (quoting *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000)). It is unclear why Gulley did not tell the Court about the events that allegedly happened during his June 2018 appointments when this case was still open, given that he knew that the Court was considering whether to dismiss this case based on an inaccurate claim that he had developed gynecomastia. That said, Gulley is a *pro se* prisoner and thus is entitled to some latitude.

At this point, there is no operative complaint. Gulley has conceded that he made inaccurate representations in his original complaint but now appears to have a colorable claim that he developed gynecomastia, and there is potential evidence (at least, based on the possibly incomplete medical records submitted to date) that Dr. Kelly warned Gulley about Risperdal's possible side effects well before the initiation of this lawsuit but *after* he started Risperdal therapy. It is thus unclear if there is a good-faith basis for Gulley to claim that Dr. Kelly's treatment was deliberately indifferent, as opposed to an exercise of medical judgment that is not subject to the Eighth Amendment and is, instead, governed by state law. *See Williams v. Kelly*, No. 15 C 8135, 2018 WL 1911820, at *5 (N.D. Ill. Apr. 23, 2018) (granting summary judgment to Dr. Kelly in an Eighth Amendment failure-to-warn case brought by a Stateville prisoner who developed gynecomastia due to Risperdal therapy).

The Court believes that further proceedings in this case are warranted. But first Defendant Kelly should be permitted an opportunity to respond to the motion to vacate. (The defense might very well conclude that vacatur is warranted.) The response deadline is **April 29, 2019**. In the meantime, the Court will recruit counsel for Gulley, and the reply deadline on the motion is **May 29, 2019**.

3

The Court requests that attorney James Sanford assist Gulley in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel is authorized to obtain Gulley's medical records via subpoena to determine if they support a viable federal claim and in support of a reply brief on the motion to vacate.

(If the case does move forward, the Court notes that recruited counsel is under no obligation to pursue medical-malpractice claims if this federal action would not preclude Gulley from bringing those claims in state court. Counsel also is under no obligation to advance the costs to obtain a certificate of merit if Gulley wants to pursue a state law negligence claim in state court. *See* 735 Ill. Comp. Stat. § 5/2-622; *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) (explaining that "[a]ll § 1915 has ever done is excuse pre-payment of the docket fees;" the litigant remains responsible for paying those fees as well as any other costs of litigation). Counsel is encouraged to visit the Court's Pro Bono web page at http://www.ilnd.uscourts.gov/Pages.aspx?page=ProBono (case sensitive) for various resources related to pro bono representation.

Gulley must listen carefully to counsel's advice and be mindful, as any paying client would be, of counsel's workload, time, and effort. Gulley also must conduct himself appropriately during all his interactions and communications with counsel. If the Court allows counsel to withdraw, then it is unlikely that another counsel will be recruited.

A status hearing is set for April 26, 2019, at 10:15 a.m.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 1, 2019